# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA MARIE NGUYEN, | ) | CASE NO.: 5:24CV466 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on objections filed by Defendant Commissioner to the Report and Recommendation ("R&R") of the Magistrate Judge. On October 30, 2024, the Magistrate Judge issued his R&R in this matter recommending that the Court vacate and remand this matter for further proceedings. On November 6, 2024, the Commissioner objected to the R&R, and on November 14, 2024, Plaintiff Jessica Marie Nguyen responded in opposition to those objections. The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a

reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

The issue herein surrounds whether there was compliance with a remand order from the Appeals Council that included the following: "Obtain evidence from a medical expert related to whether the claimant's impairment, including migraine headaches equals the severity of an impairment listed in Appendix 1, Subpart P, Regulations No. 4 (20 CFR 404.1513a(b)(2) and SSR 17-2p)." The R&R concluded that this remand order was not fulfilled, and the Commissioner now objects to that conclusion.

When the Appeals Council issues a remand order to an ALJ, the ALJ must "take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b). When a remand order contains detailed instructions concerning the scope of the remand and the issues to be addressed, "further proceedings in the trial court or agency from which appeal is taken must be in substantial compliance with such directions; and if the cause is remanded for a specified purpose, any proceedings inconsistent therewith [are] error." *Mefford v. Gardner*, 383 F.2d 748, 758 (6th Cir. 1967); *see also Kaddo v. Comm'r of Soc. Sec.*, 238 F. Supp. 3d 939, 944 (E.D. Mich. 2017) ("[T]he failure by an ALJ to follow a remand order from the Appeals Council, even if that failure is allowed to stand by a later Appeals Council ruling, can constitute a reversible error in federal court. This holds true regardless of whether substantial evidence otherwise supports the Commissioner's final decision.").

In resolving this issue, the R&R opined:

> The exchanges from the hearing above reveal that, contrary to the ALJ's assertions otherwise, Dr. Koenig testified that (1) he was not the correct expert to be offering an opinion; (2) he could not give a neurological diagnosis; (3) he did not feel comfortable offering an opinion regarding Nguyen's impairments; (4) he did not feel comfortable opining whether Nguyen met or equaled a listing, as he felt "improperly equipped to render an opinion whatsoever"; and (5) the question was how much of Nguyen's symptoms were related to a psychiatric disorder.

Doc. 10 at 35. In its objections, the Commissioner contends that "[e]ven conceding that Dr. Koenig's testimony was less than probative at times, the fact remains that all the Appeals Council required the ALJ to do was obtain medical expert testimony and inquire about whether Plaintiff's headache impairments equaled a listing. Because the ALJ did so, there was no error for failure to comply with the remand order." Doc. 11 at 4. The Commissioner then goes on to assert that this action constitutes substantial compliance with the remand order. The Court cannot agree.

Within his testimony, Dr. Koenig stated that it is "my feeling … that you have the wrong specialist reviewing the case." Dr. Koenig continued that he believed evaluating the combination of Nguyen's symptoms would necessitate a psychiatrist. He further informed the ALJ that "I can't give you a neurological diagnosis." While the Commissioner is correct that Dr. Koenig ultimately offered an opinion on whether Nguyen met or equaled a listing, that was in response to a question limited by the ALJ. Specifically, in offering that opinion, Dr. Koenig responded to the ALJ informing him to "just focus[] your attention specifically on what you've been able to glean of her migraines[.]" In other words, Dr. Koenig was asked to ignore all of his prior discussion about being the inappropriate expert and to offer an opinion anyway.

The Court can find no error in the R&R's resolution of this issue. The Appeals Council remanded for a medical expert to evaluate whether *all* of Nguyen's impairments, including her migraine symptoms, met or equaled a listing. The expert chosen, Dr. Koenig, candidly admitted that he could not *fully* evaluate Nguyen's symptoms, opining that a psychiatrist was necessary.

As such, this Court cannot find that the ALJ substantially complied with the remand order.

For the reasons stated above, the Commissioner's objections are OVERRULED. The R&R is ADOPTED IN WHOLE. The decision of the Commissioner is hereby VACATED, and the matter is REMANDED for further proceedings.


Dated: December 4, 2024                              /s/ John R. Adams
                                                     JUDGE JOHN R. ADAMS
                                                     UNITED STATES DISTRICT JUDGE